Debtor(s): **Kanedra Cherell Byrd**  Case Number: **24-80135**

United States Bankruptcy Court for the Western District of Louisiana: **ALEXANDRIA DIVISION**

# Chapter 13 Plan - Western District of Louisiana  12/2021

☑ Check here if this is an amended plan and list the plan sections that have changed and the reason for the change:
**3.5**

**Debtor amends to surrender her interest in the secured claim of Performance Finance (collateral was abandoned in the woods and no longer in debtor's possessoin.  See SOFA #15)**

### Part 1:  Notices

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division.  Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015 and LBR 3015-1.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.  *Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | |
|---|---|---|
| **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not included |
| **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not included |
| **Nonstandard provisions, set out in Part 9.** | ☑ Included | ☐ Not included |

### Part 2:  Plan Payments and Length of Plan

**2.1**  **Applicable commitment period.**  The applicable commitment period per Form 122C-1 is **3** years.

**2.2**  **Regular plan payments.**  Beginning no later than 30 days after the date the petition was filed, debtor(s) will make regular payments to the trustee for a total of **36** months as follows:

**$200.00** per month for **20** months and
**$570.00** per month for **16** months.

If this is an amended plan, provide the following: _____ in regular payments have been paid for the first _____ months of this plan.

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.3**  **Source of regular payments.**  Regular payments to the trustee will be made pursuant to a payroll deduction order unless otherwise excused by the trustee or the Bankruptcy Court.

Debtor(s): **Kanedra Cherell Byrd**   Case Number: **24-80135**

**2.4** **Income tax returns and refunds.** During the pendency of this case, Debtor(s) will: (i) timely file all required income tax returns and (ii) provide the trustee with a copy of those returns within 10 days of filing. Debtor(s) will also pledge income tax refunds to the plan as follows:

**Income Tax Returns and Refunds. During the pendency of this case, Debtor(s) shall file both Federal and State income tax returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon the filing of each annual return together with the Certification of Tax Return. All refunds due under Federal and State income tax returns, during this plan, unless otherwise ordered by the Court, shall be turned over to the Standing Chapter 13 Trustee as an additional distribution to creditors. Debtor(s) shall be allowed to retain any tax credit portion of any refund, if claimed as exempt on Schedule C. After the filing of the tax certification with the Trustee, debtors may retain any amount of tax refunds that are deemed by the Court to be used to finance reasonably necessary expenses for the debtors' maintenance and support or extraordinary expense or if the confirmed plan pays 100% of unsecured claims and the Debtor is current on plan payments.**

**2.5** **Additional Payments (in addition to 2.2 above).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

☒ **Proceeds of causes of action.**
Debtor(s) pledge 50% (or until all allowed unsecured claims are paid in full) of the net recovery from all pre- and post-petition causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after notice and hearing.

☐ **Other Payments.**
Debtor(s) will make additional payment(s) to the trustee from other sources as specified below (describe the source, amount, and date of each anticipated payment):

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default on claims secured by real estate, if any.**
(This Section should list secured claims to which § 1322(b)(3) or (5) of the Code is applicable.)

*Check one:*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **Maintenance of ongoing contractual payments and cure of default, if any.**
The debtor(s) will maintain the ongoing contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by either the trustee, the debtor(s) or a third party, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, as may be stated below.

| Name of Creditor / Collateral | Ongoing contractual installment payment (including escrow) | Amount of arrearage (if any) |
|---|---|---|
| **Homeland Bank** **1327 Park St., Jena, LA 71342** ☒ Check if Principal Residence | $599.00 Disbursed by: ☐ Trustee ☒ Debtor(s) ☐ Third party - provide name and relationship to debtor: _____ If disbursed by trustee, ongoing installment payments begin: _____ | ☐ Pre-petition ☐ Post-petition For post-petition arrearages, list the monthly payments that were missed: |

Debtor(s): **Kanedra Cherell Byrd**        Case Number: **24-80135**

**The following terms apply to all secured claims listed in Section 3.1 of this plan:**

*Effect of Proof of Claim:* Unless otherwise ordered by the court, the amounts listed on an allowed proof of claim under Bankruptcy Rule 3002(c) control over any contrary amounts listed above as to the ongoing installment payment and arrearage.

*Effect of granting relief from the automatic stay:* If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph 3.1, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

*Notice of payment change:* If the trustee is making the ongoing contractual installment payment, and unless otherwise ordered by the court, the trustee may, but is not required to, change the amount of the payment pursuant to notices of payment changes filed by the lienholder which have not been objected to and when such change will not underfund the plan or violate § 1325(a)(4) of the Code.

**3.2**    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**    **Secured claims excluded from 11 U.S.C. § 506 (11 U.S.C. § 1325(a)(hanging paragraph) - 910 day Car Claim or 365 day Personal Property).**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    **Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ **Surrender of collateral.**
The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | Value |
|---|---|---|
| **Performance Finance** | 2020 Polaris Sportsman. See SOFA #15. | $0.00 |

## Part 4: Treatment of Fees and Priority Claims

**4.1**    **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2**    **Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

Debtor(s): **Kanedra Cherell Byrd**　　　　　　　　　　　　　　　Case Number: **24-80135**

**4.3  Debtor's Attorney's Fees.**

*Check One*

☒ Counsel has elected to be paid the fixed ("no-look") fee as authorized in the Western District of Louisiana.

☐ Counsel for debtor will submit an application for compensation and reimbursement of expenses in accordance with 11 U.S.C. § 330(a) and the applicable Bankruptcy Rules and Local Bankruptcy Rules for the Western District of Louisiana (the application should be noticed for hearing on the same day as the hearing on confirmation of this plan).

Based on the election above, the Debtor's attorney's fees are as follows:

**(i)  Fees for services through original confirmation:**

| Attorney's Name | Total Fees | Fees Debtor paid pre-petition | Fees to be paid through the plan |
| --- | --- | --- | --- |
| **L. Laramie Henry** | **$4,450.00** | **$18.00** | **$4,432.00** |

**(ii)  Fees for services after original confirmation:**

| Attorney's Name / Description of Service* | Fee for Service | Fees to be paid through the plan |
| --- | --- | --- |
|  |  |  |

*The "Description of Service" column should correspond to those allowed to be compensated under the court's order on fixed fees, or, if counsel has elected to submit a fee application, it should briefly describe the services for which counsel is seeking compensation.

The allowance of the requested attorney's fees and the timing of the allowance are subject to the approval of the court.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor estimates the total amount of other priority claims to be as follows:

Domestic Support Obligations other than those provided for in 4.5 below:

| **Claimant** | **Nature of Claim** | **Amount** |
| --- | --- | --- |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by trustee as follows:

| **Claimant** | **Nature of Claim** | **Amount** |
| --- | --- | --- |
| **L. Laramie Henry** | **Costs for Noticing the Plan** | **$250.00** |

**4.5  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.**  *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6  Supplement to Paragraphs 4.4 and 4.5.**

For Trustee disbursed claims, to the extent that a proof of claim is filed for an amount less than the amount provided for in Paragraphs 4.4 and 4.5, the Trustee shall pay the lesser amount contained in the proof of claim.

Debtor(s): **Kanedra Cherell Byrd**  Case Number: **24-80135**

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed unless objected to. All nonpriority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of **$69,322.00**, it is anticipated unsecured creditors will be paid approximately **$6,376.00**, which is approximately **9.20** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than **$3,491.25**. Payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items or Direct Pay Unmodified Secured Debts.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor / Property description | Current installment payment | Amount of arrearages to be paid (if any) | Number of Installments Remaining |
|---|---|---|---|
| **Barksdale Federal Credit Union** **2019 GMC Yukon** | **$974.00** Disbursed by: ☐ Trustee ☐ Debtor(s) ☒ Third Party (Name and Relationship to Debtor(s)): **Non-filing Spouse** | | |
| **Barksdale Federal Credit Union** **2015 Honda Accord** | **$0.00** Disbursed by: ☐ Trustee ☐ Debtor(s) ☒ Third Party (Name and Relationship to Debtor(s)): **Non-filing Spouse** | | |
| **Catahoula LaSalle Bank** **co-signed debt** | **$0.00** Disbursed by: ☐ Trustee ☐ Debtor(s) ☒ Third Party (Name and Relationship to Debtor(s)): **co-obligor** | | |

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

| Debtor(s): | **Kanedra Cherell Byrd** | Case Number: **24-80135** |

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments.**
Debtor(s) will pay adequate protection payments and/or lease payments as scheduled below to the trustee.

| Name of Creditor | Collateral | Adequate Protection Payment |

**8.2 Changed Circumstances.**
Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

**8.3 Confirmation order controls.**
To the extent there is any conflict between this Chapter 13 Plan and the Confirmation Order, the Confirmation Order shall control.

## Part 9: Nonstandard Plan Provisions

☐ If "None" is checked, the rest of Part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Chapter 13 Plan Form for the Western District of Louisiana or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in Part 1 of this plan.

**OFFICE OF MOTOR VEHICLES**
If the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles ('State of Louisiana") holds an unsecured claim in this case and the debtor fails to maintain minimum liability insurance coverage as required under applicable non-bankruptcy law, then the State of Louisiana may file a motion to dismiss this case with notice and hearing.

**CANCELATION OF JUDGMENTS**
Upon entry of a discharge in this case, every creditor whose claim is subject to discharge shall release and cancel from the public records any judgment, lien, writ, notice of seizure or encumbrance over property of the Debtor or estate which was created by virtue of an action to collect the claim.

**POST-PETITION TAX RETURNS**
Each year upon compliance with this plan's annual requirement that debtor(s) "shall file both Federal and State income tax returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon the filing of each annual return" debtor's attorney shall be allowed as an administrative expense a fee of $150.00, annually, to the extent funds are available.

**SECTION 2.5 -PLEDGE FROM CAUSES OF ACTION MODIFIED**
Notwithstanding the pledge of 50% of the net recovery from all causes of action in Part 2.5 of this plan, Debtor reserves the right to request (in a subsequent motion) to retain up to 100% of any claim for which an exemption has been claimed.

Debtor(s): **Kanedra Cherell Byrd**  Case Number: **24-80135**

## Part 10: Signatures

**/s/ L. Laramie Henry**  Date: **07/01/2024**
Signature of Attorney for Debtor(s)

_____  Date: _____
Debtor

_____  Date: _____
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtors(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

IN RE:                                                                    CASE NO: 24-80135
     **KANEDRA CHERELL BYRD**
         Debtor(s)

### CERTIFICATE OF SERVICE

      I certify that I filed this document using the court's CM/ECF system which generated a "Notice of Electronic Filing" indicating that it was transmitted to the filing party and all registered users of the CM/ECF system having appeared in the case in which the filing is made. Pursuant to LBR 9013-1, transmission of the Notice of Electronic Filing to a registered user via the CM/ECF system constitutes service of the pleading or other document.

      I also certify that I served this document on the following non-registered users of the CM/ECF system:

      **Pursuant to LBR 2002-1(g), see attached mailing matrix for all creditors that hold claims for which proof of claims have been filed**

by depositing same in the United States Mail properly addressed and with sufficient postage affixed on the date set forth below.

Date:  July 2, 2024                                                  **/s/ L. Laramie Henry**
                                                                                    **L. Laramie Henry**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0536-1<br>Case 24-80135<br>Western District of Louisiana<br>Alexandria<br>Tue Jul  2 07:40:27 CDT 2024 | 1st Franklin Financial Corporation<br>ATTN: Administrative Services<br>PO Box 880<br>Toccoa, GA 30577-0880 | BARKSDALE FEDERAL CREDIT UNION<br>ATTN:BK<br>720 NORTHGATE RD.<br>BOSSIER CITY, LA 71112-3120 |
| CLB The Community Bank<br>P O Box 1440<br>Jena, LA 71342-1440 | Capital One, N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Performance Finance<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | U.S. Department of Education c/o Nelnet<br>121 S 13TH ST<br>LINCOLN, NE 68508-1904 |
| World Finance Co. c/o World Acceptance Corp.<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | End of Label Matrix<br>Mailable recipients    9<br>Bypassed recipients    0<br>Total                  9 | |